**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CHAD LIGHTFOOT, ET AL., Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-434** |
| **PROGRESSIVE DIRECT INSURANCE COMPANY, ET AL., Defendants** | **SECTION: "E" (1)** |

## ORDER AND REASONS

Before the Court is a motion to dismiss for failure to state a claim filed by Robert Hodges ("Colonel Hodges") and Alan Arcana ("Lieutenant Arcana") (sometimes collectively referred to as "State Defendants").[1] Plaintiffs Chad Lightfoot, Geralyn Hawkins, and their minor children ("Plaintiffs") filed an opposition.[2] The State Defendants filed a reply.[3]

## BACKGROUND[4]

This case arises out of a vehicle accident in Orleans Parish and the subsequent criminal prosecution of Plaintiff Chad Lightfoot for insurance fraud.[5] Plaintiffs allege that, on August 29, 2011, Mr. Lightfoot was involved in a vehicle accident in Orleans Parish.[6] Mr. Lightfoot filed insurance claims with multiple insurance carriers, including Liberty, Progressive, and others.[7] Plaintiffs allege the insurance claim was not "resolve[d]. . . to Mr. Lightfoot's satisfaction" and, as a result, in 2012, he brought a personal-injury lawsuit

[1] R. Doc. 82.
[2] R. Doc. 87.
[3] R. Doc. 88.
[4] These factual allegations are based on the Plaintiffs' Second Amended Complaint. R. Doc. 60.
[5] *Id.*
[6] *Id.* at ¶ 85.
[7] Id. at¶ 87. Apparently, these are Chad Lightfoot's underinsured motorist insurance carriers.

in Orleans Parish Civil District Court against multiple insurance companies and other related defendants ("the underlying civil action").[8]

Plaintiffs allege that, on or about September 19, 2014, two of the attorneys representing Progressive in the underlying civil action, Megan Kiefer and Ignatz Kiefer assaulted Mr. Lightfoot inside the Orleans Parish Courthouse in retaliation for bringing the underlying civil action.[9] Plaintiffs further allege that, in December 2014, Megan Kiefer prepared and swore to a false affidavit she submitted to the New Orleans Police Department stating that Mr. Lightfoot fraudulently obtained a $50,000 payment from Progressive Insurance Company in connection with the August 29, 2011 accident.[10] Plaintiffs allege the affidavit included Megan Kiefer's statement that, in obtaining the $50,000 payment, Mr. Lightfoot committed perjury, insurance fraud, and filed false public records.[11] Plaintiffs allege these statements were false and Progressive's own records confirmed that Mr. Lightfoot never received a $50,000 payment.[12]

Plaintiffs allege New Orleans Police Department Detective Frank Denton, without conducting further investigation into the affidavit's validity, relied on Megan Kiefer's false affidavit to obtain an arrest warrant for Mr. Lightfoot.[13] Plaintiffs allege that, on January 6, 2015, Mr. Lightfoot was arrested pursuant to this warrant.[14] Plaintiffs further allege that the Louisiana State Police Insurance Fraud Division began an investigation into Mr. Lightfoot's alleged insurance fraud scheme.[15] Plaintiffs allege that Defendant State Police

[8] *Id.* at ¶¶ 87-88.
[9] *Id.* at ¶ 90. Plaintiffs do not bring a cause of action for damages resulting from this physical altercation.
[10] *Id.* at ¶¶ 95-96.
[11] *Id.* at ¶ 96.
[12] *Id.* at ¶ 98.
[13] *Id.* at ¶ 107.
[14] *Id.* at ¶ 110.
[15] *Id.* at ¶ 115.

Lieutenant Alan Arcana stated in a police report that Mr. Lightfoot received $50,000 in payments from Progressive, which caused the State of Louisiana to bring criminal charges against him.[16] Plaintiffs allege also that Colonel Hodges, as Louisiana State Police Superintendent, had authority to correct, discipline, and remedy Arcana's actions, yet failed to do so after notice.[17] Plaintiff was charged with theft of over $50,000, automobile insurance fraud, and perjury.[18] Plaintiffs allege Lieutenant Arcana testified that Progressive insurance investigator Glenn Pardiane represented to him that Mr. Lightfoot received a $50,000 payment.[19] Plaintiffs allege that, during the criminal proceedings, it was discovered there was no record of a $50,000 insurance payout to Mr. Lightfoot but that, despite this lack of evidence, Mr. Lightfoot was criminally prosecuted for insurance fraud.[20] Plaintiffs allege the criminal charges against Mr. Lightfoot were dismissed on October 15, 2024.[21]

Mr. Lightfoot and his spouse, Geralyn Hawkins, filed this suit *pro se* on October 20, 2025 in Orleans Parish Civil District Court.[22] In their original petition, Mr. Lightfoot and Ms. Hawkins brought a single claim against "unknown named Defendants" under La. R.S. 15:572.8, which provides compensation to persons wrongfully convicted and imprisoned.[23]

On November 10, 2025, Mr. Lightfoot and Ms. Hawkins filed a First Amended Petition, adding their minor children as named Plaintiffs and bringing eight counts

---

[16] *Id.* at ¶¶ 117-18.
[17] *Id.* at ¶ 190.
[18] Id. at ¶ 107.
[19] *Id.* at ¶ 121.
[20] *Id.* at ¶ 136.
[21] *Id.* at ¶ 142.
[22] R. Doc. 1-2.
[23] *Id.* at pp. 1-2.

against various defendants, including Colonel Hodges and Lieutenant Arcana, for actions related to Mr. Lightfoot's criminal prosecution and the civil judgment entered against him and recorded as a judicial mortgage.[24]

On January 20, 2026, Plaintiffs filed a Second Amended Petition in state court.[25] While this petition did not alter or amend any of the causes of action Plaintiffs attempted to plead in their First Amended petition, it removed Plaintiffs' minor children as parties.[26]

Robert Hodges and Alan Arcana removed the matter to this Court on February 27, 2026.[27] Following removal, multiple defendants filed motions to dismiss, including Lieutenant Arcana and Colonel Hodges.[28] In their motion to dismiss, Lieutenant Arcana and Colonel Hodges argue the majority of Plaintiffs' claims are prescribed.[29] Defendants argue Lieutenant Arcana is entitled to absolute immunity from Plaintiffs' claims.[30] Defendants further argue they are entitled to qualified immunity.[31] Lastly, Lieutenant Arcana and Colonel Hodges assert that Plaintiffs' allegations are conclusory and fail to state a claim.[32]

On April 15, 2026, in response to the motions to dismiss, Plaintiffs moved, *pro se*, to file a First Amended Complaint in federal court in order to provide additional factual details, clarify their claims for relief, and "narrow[] certain theories to address issues raised or anticipated in Defendants' Rule 12(b)(6) motions."[33] The Plaintiffs attached

[24] R. Doc. 1-3.
[25] R. Doc. 1-4.
[26] *See id.* at p. 1.
[27] R. Doc. 1.
[28] R. Doc. 42
[29] *Id.* at 1.
[30] *Id.*
[31] *Id.*
[32] *Id.*
[33] R. Doc. 52 at p. 1.

their proposed amended complaint to their motion.[34] On April 22, 2026, the Court granted Plaintiffs' leave to file an amended complaint, but advised Plaintiffs to revise their proposed restated and amended complaint, as the proposed version failed to address the arguments Defendants made in their motions to dismiss.[35] The Court ordered Plaintiffs to file a revised and restated amended complaint, addressing "fully and completely, all arguments raised in the Defendants' motions to dismiss," on or before on May 6, 2026.[36]

On May 6, 2026, rather than file their amended and restated complaint, Plaintiffs simultaneously moved to enroll counsel of record and for an extension of time to file their restated and amended complaint.[37] The Court granted Plaintiffs' motion and ordered Plaintiffs to file their restated and amended complaint on or before June 8, 2026.[38]

On June 8, 2026, Plaintiffs filed their Second Amended Complaint[39]—their fourth petition/complaint filed in the course of this litigation[40]—in response to the Court's order that the amended complaint address fully and completely all arguments raised in the defendants' motions to dismiss. In Plaintiffs' Second Amended Complaint, Plaintiffs bring claims against various defendants they allege were associated with Mr. Lightfoot's criminal prosecution. The Second Amended Complaint again asserts claims against, among other defendants, Colonel Hodges and Lieutenant Arcana**.** While Plaintiffs' previous complaints brought only eight counts against the defendants for violating La. C.C.P. art. 2315 and various constitutional violations, their Second Amended Complaint

---

[34] R. Doc. 52-1.
[35] R. Doc. 53 at p. 3.
[36] *Id.*
[37] R. Doc. 56.
[38] R. Doc. 59.
[39] R. Doc. 60.
[40] Plaintiffs prepared a restated and amended complaint and requested leave to file it on April 15, 2026, but the Court ordered them to further revise it to address the arguments made in the pending motions to dismiss. R. Doc. 52.

asserts twenty counts against various defendants for multiple state law tort claims and constitutional violations.[41]

On July 10, 2026, the State Defendants filed a motion to dismiss for failure to state a claim.[42] In their motion, the State Defendants argue the majority of claims asserted against them should be dismissed because they are prescribed.[43] State Defendants further argue Lieutenant Arcana is entitled to absolute immunity from Plaintiffs' claims, which they claim arise solely from Lieutenant Arcana's testimony before grand juries.[44] Defendants further argue they are entitled to the absolute defense that Mr. Lightfoot's indictments were supported by probable cause.[45] Defendants argue they are entitled to qualified immunity as well.[46] Lastly, Defendants assert Plaintiffs' allegations are conclusory and fail to state a claim.[47]

Plaintiffs argue that they have made sufficient factual allegations against the State Defendants, who they claim are asking the Court to decide factual issues outside of the complaint, contrary to the typical Rule 12(b)(6) standard.[48] Plaintiffs argue that Defendants' motion relies on a mistaken interpretation of Fourth Amendment caselaw.[49] Plaintiffs further argue that Defendants calculate prescription incorrectly, and that rather than prescription accruing at the earliest arrest or investigative event, the prescription accrual date is calculated at later dates.[50]

[41] In Plaintiffs' Second Amended Complaint, they added Eric Cusimano, Jason Williams, and Sgt. Patrick Bradley of the Louisiana State Police as Defendants.
[42] R. Doc. 82.
[43] *Id.* at p.1.
[44] *Id.*
[45] *Id.*
[46] *Id.*
[47] *Id.* at p.2.
[48] R. Doc. 87 at 4-5.
[49] *Id.* at 7-10.
[50] *Id.* at 10-14.

## LEGAL STANDARD

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."[51] A complaint that does not meet Rule 8(a)(2)'s pleading standard should be dismissed for failing to state a claim upon which relief can be granted.[52] "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[53] "A pleading that offers 'labels and conclusions' or 'a formulaic recitations of the elements of a cause of action will not do.'"[54] "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[55]

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[56] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[57] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[58] The Court, however, does not accept as true legal conclusions or mere conclusory statements, and "'conclusory allegations or legal conclusions masquerading as factual

---

[51] Fed. R. Civ. P. 8(a)(2).
[52] Fed. R. Civ. P. 12(b)(6).
[53] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[54] *Id.* (quoting *Twombly*, 550 U.S. at 555).
[55] *Id.* (quoting *Twombly*, 550 U.S. at 557).
[56] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[57] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[58] *Id.* (citing *Twombly*, 550 U.S. at 556).

conclusions will not suffice to prevent a motion to dismiss.'"[59] Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements"[60] or "naked assertion[s]"[61] devoid of "further factual enhancement"[62] are not sufficient.

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"[63] However, "legal conclusions can provide the framework of a complaint, [if] they [are] supported by factual allegations."[64] "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[65] "Although detailed factual allegations are not required," "[d]ismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[66] Whether a plaintiff "will be able to offer sufficient proof to support [his or her] claims is more appropriate in the context of a motion for summary judgment or a trial on the merits" rather than in a motion to dismiss.[67] "'[I]ntensive disputes of material fact . . . are usually more appropriate for summary judgment . . . .'"[68]

---

[59] *S. Christian Leadership Conf. v. Sup. Ct. of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[60] *Iqbal*, 556 U.S. at 678 (citations omitted).
[61] *Twombly*, 550 U.S. at 557.
[62] *Id.*
[63] *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).
[64] *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 545.
[65] *Iqbal*, 556 U.S. at 679.
[66] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (unpublished opinion) (citations omitted).
[67] *Smith v. GE Healthcare, Inc.*, No. 3:19-CV-00492, 2019 WL 4565246, at *7 (W.D. La. Sept. 4, 2019).
[68] *Dong Phuong Bakery, Inc. v. Gemini Soc'y, LLC*, No. CV 21-1109, 2022 WL 898750, at *5 (E.D. La. Mar. 28, 2022) (quoting *Bilyeu v. Johanson Berenson LLP*, 2010 WL 3896415, at *9 (W.D. La. Sep. 30, 2010)).

## LAW AND ANALYSIS

### I. There are no factual allegations to support a claim based on the individual liability of Colonel Hodges.

Plaintiffs' first mention of Colonel Hodges by name in the Second Amended Complaint is in the listing of defendants, wherein Plaintiffs, in Paragraph 81, describe Hodges as:

> Defendant Colonel Robert P. Hodges is the Superintendent of Louisiana State Police. He is sued in individual capacity for his own conduct and, to the extent legally available, in official capacity for prospective declaratory or injunctive relief only.[69]

Plaintiffs continue in Paragraph 82:

> On information and belief, Hodges is alleged to have failed to train, supervise, correct, discipline, or remedy LSP Insurance Fraud Division practices that allowed troopers to adopt unverified SIU allegations, label insurers as victims without confirming losses, and maintain false reports after notice.[70]

Plaintiffs mention Colonel Hodges in two additional places in the Second Amended Complaint. First, in Paragraph 148 under the "Factual Allegations" section, it is further alleged:

> LSP supervisory actors, including Bardley[71] and Hodges, were placed on notice that the $50,000 payment allegation was false or unsupported.[72]

Elsewhere, in Paragraph 190 under the "Monell, Policy, Custom, Ratification, and Failure to Train" section, it is alleged:

> Hodges, as LSP Superintendent, had authority to correct, discipline, train, supervise, and remedy LSP actors, yet failed

---

[69] R. Doc. 60 at ¶ 81.
[70] *Id.* at ¶ 82.
[71] Bardley has not yet been served and is not a movant in this motion.
[72] R. Doc. 60 at ¶148.

to do so after notice.[73]

In Paragraph 81, Plaintiffs allege that Colonel Hodges is being sued in part in his individual capacity. In Paragraph 82, Plaintiffs do not allege any individual actions of Colonel Hodges. It is alleged that he failed to train, supervise, correct, discipline, or remedy LSP Insurance Fraud division practices, but that action (or lack thereof) pertains to actions in his official capacity, not actions in his individual capacity.

Neither do the allegations in paragraphs 148 and 190 pertain to actions undertaken by Hodges in his individual capacity. The allegation that he failed to correct, discipline, train, supervise, and remedy LSP actors pertains to actions in his official capacity as Superintendent of the Louisiana State Police. That Hodges allegedly was placed on notice that the $50,000 payment was false, and that he then failed to correct LSP actors despite that notice, addresses his liability in his official capacity only.

Since Plaintiffs make no factual allegations regarding Colonel Hodges' actions taken in his individual capacity, any claims against him in his individual capacity will be dismissed. Pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court may dismiss a complaint for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual allegations in support of his claim that would entitle him to relief.[74] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[75] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.[76]

[73] *Id.* at ¶190.
[74] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[75] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[76] *Id.* (citing *Twombly*, 550 U.S. at 556).

"[N]aked assertion[s]"[77] devoid of "further factual enhancement"[78] are not sufficient. Plaintiffs assert Colonel Hodges is being sued in his individual capacity for "his own conduct,"[79] but that assertion regarding "his own conduct" is devoid of "further factual enhancement."[80] The only factual allegations pertain to actions undertaken by Colonel Hodges in his official capacity. The Complaint cannot survive the Rule 12(b)(6) motion to dismiss standard, with respect to claims against Colonel Hodges in his individual capacity.[81]

## II. Colonel Hodges, in his official capacity as the Superintendent of the Louisiana State Police, is immune under the Eleventh Amendment from liability under *Monell* as the Louisiana State Police is a state agency; Plaintiffs are not entitled to declaratory relief.

Plaintiffs allege in Paragraph 190 of their Amended Complaint that: "Hodges, as LSP Superintendent, had authority to correct, discipline, train, supervise, and remedy LSP actors, yet failed to do so after notice."[82] While the State Defendants do not raise an Eleventh Amendment issue in their response, courts are obligated to consider *sua sponte* jurisdictional issues that go to subject-matter jurisdiction.[83] The Louisiana State Police, as a state-based law enforcement agency, is entitled to sovereign immunity under the Eleventh Amendment.[84] In *Whitaker v. Barksdale Air Force Base*, the United States District Court for the Western District of Louisiana dismissed a 42 U.S.C. § 1983 claim against the Louisiana State Police for allegedly unconstitutional surveillance of Plaintiff.[85]

---

77 *Twombly*, 550 U.S. at 557.
78 *Id.*
79 R. Doc. 60 at ¶ 81.
80 *See Twombly*, 550 U.S. at 557.
81 Count XVII for declaratory relief is asserted against all Defendants but none of the relief requested could be obtained from Colonel Hodges. This count will be dismissed as well with respect to Colonel Hodges.
82 R. Doc. 60 at ¶ 190.
83 Gonzalez v. *Thaler*, 565 U.S. 134, 141 (2012).
84 *Whitaker v. Barksdale Air Force Base*, No. CIV.A. 14-2342, 2015 WL 574697 at *3 (W.D. La. Feb. 11, 2015).
85 *Id.*

The court explained that the Eleventh Amendment bars suits for monetary relief by citizens in federal court against either states or their agencies, unless that state has waived its immunity and consented to suit.[86] Similarly, suits brought against state officials or agents are also barred when the state is the "real, substantial party in interest," regardless of whether a plaintiff seeks damages.[87] It is well-settled law in the Fifth Circuit that the Louisiana State Police is "an arm of the State" that is entitled to Eleventh Amendment immunity for purposes of § 1983 liability.[88] Thus, the district court in *Whitaker* declined to exercise jurisdiction over the constitutional claims brought pursuant to § 1983.[89]

Colonel Hodges is the Superintendent of the Louisiana State Police whose alleged constitutional violations were undertaken in his official capacity.[90] This situates this case squarely in the realm of *Whitaker*, which also featured § 1983 claims against the Louisiana State Police.[91] The Louisiana State Police, as an arm of the State, is entitled to sovereign immunity under the Eleventh Amendment.[92] Therefore, even accepting as true Plaintiffs' factual allegations, this Court lacks subject matter jurisdiction to hear these constitutional claims.

Count XVIII seeking declaratory relief is asserted against all Defendants.[93] Paragraph G of the Prayer requests "correction, retraction, or non-use of false official

---

[86] *Id.* (citing *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984); *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 313 (5th Cir.1999)).
[87] *Id.* (citing *Pennhurst*, 465 U.S. at 101 (quoting *Ford Motor Co. v. Dep't of Treasury of Ind.*, 323 U.S. 459, 464 (1945))).
[88] *See id.* (citing *Lavergne v. La. State Police*, No. 6:13–cv–2189, 2014 WL 906285, at *3–4 (W.D. La. Mar. 7, 2014) (citing cases)).
[89] *Id.*
[90] *Id.*
[91] *See* discussion *supra*.
[92] Lavergne v. La. State Police, No. 6:13–cv–2189, 2014 WL 906285, at *3–4 (W.D. La. Mar. 7, 2014) (citing cases)).
[93] R. Doc. 60 at ¶¶ 328-332.

records" with respect to all defendants, which would include Colonel Hodges.[94] While sovereign immunity bars Plaintiffs' claims for damages against Colonel Hodges as Superintendent of the Louisiana State Police, such immunity does not extend to claims for prospective injunctive or declaratory relief under the Ex parte Young standard.[95] Under *Ex parte Young*, the Eleventh Amendment is not a bar to suits for prospective relief against a state employee's activity in his official capacity.[96] For Ex parte Young to apply, "(1) A plaintiff must name individual state officials as defendants in their official capacities; (2) the plaintiff must allege an ongoing violation of federal law; and (3) the relief sought must be properly characterized as prospective."[97] "[A] court need only conduct a "straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'"[98] Nonspecific and speculative allegations of continuing unlawful conduct are insufficient to demonstrate an ongoing violation under Ex parte Young.[99] Failure to allege an ongoing violation is fatal.[100]

Plaintiffs' request for "correction, retraction, or non-use of false official records" with respect to the Louisiana State Police does not allege an "ongoing violation of federal law." To the extent Plaintiff alleges the "ongoing collateral consequences" of such practices, that allegation is the type of nonspecific and speculative allegation insufficient

[94] *Id.* at p.53.
[95] *Ex parte Young*, 209 U.S. 123 (1908).
[96] *Nelson v. Univ. of Texas at Dallas*, 535 F.3d 318, 321-322 (5th Cir. 2008).
[97] *Tawakkol v. Vasquez*, 87 F.4th 715, 718 (5th Cir. 2023) (citation omitted).
[98] *City of Austin v. Paxton*, 943 F.3d 993, 998 (5th Cir. 2019) (quoting *Va. Off. for Prot. & Advoc. V. Stewart*, 563 U.S. 247, 255 (2011)).
[99] *James v. Hegar*, 86 F.4th 1076, 1083 (5th Cir. 2023).
[100] *See Morrison v. Dall. Cnty. Hum. Sex Trafficking Task Force*, No. 23-cv-2046, 2023 WL 9231399, at *4 (N.D. Tex. Dec. 6, 2023) (citations omitted), *report and recommendation adopted*, 2024 WL 150506 (Jan. 12, 2024).

to demonstrate an ongoing violation under the Ex parte Young standard. Plaintiffs' request for injunctive or declaratory relief also will be dismissed.

## III. The majority of Plaintiffs' claims arising under federal law—Counts I, II (Wrongful Detention), V, VI, VII, VIII, and IX—are prescribed.

Sections I, II, and III *supra* detail the bases for the dismissal of claims against State Defendants—namely, the lack of factual allegations to support a claim, state sovereign immunity, and impermissible group pleading. Those reasons are sufficient in themselves. Nonetheless, an additional standalone barrier exists as to Plaintiffs' claims: prescription. The majority of Plaintiffs' claims under both federal and state law are prescribed. This section discusses claims under federal law that are prescribed: Counts I, II (Wrongful Detention)[101], V, VI, VII, VIII, and IX. The following section V, *infra*, discusses claims under Louisiana law that are prescribed: Counts XII, XIII, XV, XVI, and XVII.

### A. Plaintiffs' 42 U.S.C. § 1983 False Arrest, False Imprisonment, and Malicious Detention Claims under Counts I and II are prescribed.

For 42 U.S.C. § 1983 claims, federal courts in Louisiana apply the relevant Louisiana prescription rules for delictual actions.[102] Prior to July 1, 2024, delictual actions in Louisiana were "subject to a liberative prescription of one year."[103] Liberative prescription for actions prior to July 1, 2024 "commence[d] to run from the day that injury or damage is sustained."[104] "Jurisprudence has interpreted this rule to mean that prescription commences on the date the injured party discovers or should have

[101] The malicious prosecution component of Count II, unlike the wrongful detention component, has not prescribed. Nonetheless, the malicious prosecution component suffers from the same defects outlined in Sections I-III *supra*.
[102] *See Mitchell v. Crescent River Port Pilots Ass'n*, 515 F. Supp. 2d 666, 674-75 (E.D. La. 2007) (collecting cases), *aff'd*, 265 F. App'x 363 (5th Cir. 2008).
[103] LA. CIV. CODE ART. 3492 (Repealed by Acts 2024, No. 423, § 2, eff. July 1, 2024).
[104] *Id.*

discovered the facts upon which his cause of action is based."[105] For false arrest and false imprisonment claims, prescription commences on the date of arrest (and not from the date of release).[106] In this case, Plaintiff's alleged arrest date was on January 6, 2015.[107] Accordingly, Count I alleging false arrest and false arrest is prescribed. Similarly, the Count II claim alleging false detention[108] also is prescribed.

**B. Plaintiffs' 42 U.S.C. § 1983 Selective Prosecution Claim under Count V is prescribed.**

The United States Court of Appeals for the Fifth Circuit has held that selective prosecution claims under 42 U.S.C. 1983 are analogous to abuse of process claims and that prescription commences on the date of arrest.[109] Given that Louisiana prescription rules for delictual actions imposed a one-year liberative prescription period, the selective prosecution claim prescribed one year after January 6, 2015. Given that this suit was filed on October 20, 2025,[110] over ten years later, Plaintiffs' selective prosecution claim under Count V is prescribed.

**C. Plaintiffs' 42. U.S.C. § 1983 familial integrity claim under Count VI is prescribed.**

For 42 U.S.C. § 1983 claims, federal courts in Louisiana apply the relevant Louisiana prescription rules for delictual actions.[111] The Louisiana Supreme Court has declared that a cause of action for loss of consortium (the Louisiana state law equivalent of a familial integrity claim), does not accrue "until the party suffers the actual loss of

[105] *Dowd v. Helena Emergency Physicians, PLLC*, 2023-00132 p.1 (La. 4/25/23), 359 So. 3d 969, 970-71.
[106] *Eaglin v. Eunice Police Dep't,* 17-1875, p. 8 (La. 6/27/18); 319 So. 3d 225, 230.
[107] R. Doc. 60 at ¶110.
[108] Lieutenant Arcana does not argue that the part of Count II alleging malicious prosecution has prescribed. R. Doc. 88 at p.2.
[109] *Aly v. City of Lake Jackson*, 453 F. App'x 538, 540 (5th Cir. 2011).
[110] *See* R. Doc. 87 at p.11.
[111] *See Mitchell v. Crescent River Port Pilots Ass'n*, 515 F. Supp. 2d 666, 674-75 (E.D. La. 2007) (collecting cases), *aff'd*, 265 F. App'x 363 (5th Cir. 2008).

consortium, which has been held to occur at the time an injured party's condition deteriorates to such an extent that his family is actually deprived of his consortium."[112] Plaintiff's state custody ended in 2018,[113] and thus prescription accrued one year later in 2019.[114] Accordingly, Plaintiffs' familial integrity claim under 42 U.S.C. § 1983 is prescribed.

**D. Plaintiffs' 42 U.S.C. § 1981 claim for race discrimination under Count VII is prescribed.**

For 42 U.S.C. § 1981 claims, federal courts in Louisiana apply the relevant Louisiana prescription rules for delictual actions.[115] Prior to July 1, 2024, delictual actions in Louisiana were "subject to a liberative prescription of one year."[116] A § 1981 claim accrues "when the plaintiff knows or reasonably should know that the discriminatory act has occurred."[117] In this case, Plaintiff Mr. Lightfoot filed a complaint with the Louisiana State Police around December 2018 regarding Lieutenant Arcana's conduct in Lightfoot's case file.[118] Accordingly, prescription accrued one year later in or around December 2019. Plaintiffs' 42 U.S.C. § 1981 claim for race discrimination under Count VII is prescribed.

**E. Plaintiffs' 42 U.S.C. §§ 1985 and 1986 claims for Civil Rights Conspiracy and Neglect to Prevent Civil Rights Conspiracy under Counts VIII and IX are prescribed.**

For 42 U.S.C. § 1985 claims, federal courts in Louisiana apply the relevant Louisiana prescription rules for delictual actions.[119] For 42 U.S.C. § 1986 claims, Section

---

[112] *Landry v. Avondale Indus., Inc.*, 03-0719, p. 4 (La. 12/3/03); 864 So. 2d 117, 122 (collecting cases).
[113] R. Doc. 17-4 at p. 6.
[114] LA. CIV. CODE ART. 3492 (Repealed by Acts 2024, No. 423, § 2, eff. July 1, 2024).
[115] *See Mitchell v. Crescent River Port Pilots Ass'n*, 515 F. Supp. 2d 666, 674-75 (E.D. La. 2007) (collecting cases), *aff'd*, 265 F. App'x 363 (5th Cir. 2008).
[116] LA. CIV. CODE ART. 3492 (Repealed by Acts 2024, No. 423, § 2, eff. July 1, 2024).
[117] *McWilliams v. Escambia Cty. Sch. Bd.*, 658 F.2d 326, 330 (5th Cir. 1981) (citations omitted).
[118] R. Doc. 60 at ¶ 147.
[119] *See Mitchell v. Crescent River Port Pilots Ass'n*, 515 F. Supp. 2d 666, 674-75 (E.D. La. 2007) (collecting cases), *aff'd*, 265 F. App'x 363 (5th Cir. 2008).

1986 specifically states that actions brought under that provision must be commenced within one year of when the cause of action has accrued.[120] The United States Court of Appeals for the Fifth Circuit has held that a cause of action for a 42 U.S.C. § 1985 civil conspiracy claim accrues as soon as the plaintiff knows or should have known of the overt acts involved in the alleged conspiracy.[121] Again, Mr. Lightfoot filed a complaint with the Louisiana State Police around December 2018 regarding Lieutenant Arcana's conduct in Lightfoot's case file.[122] Accordingly, prescription accrued one year later in or around December 2019. Plaintiffs' 42 U.S.C. § 1985 claim for race discrimination under Count VII is prescribed. Likewise, Section 1986 provides for liability against third parties based on their knowledge of Section 1985 violations. Plaintiffs knew or should have known of the alleged section 1986 violation around the same time they knew or should have known of the section 1985 violation. Plaintiffs' 42 U.S.C. § 1986 claim also is prescribed.

## IV. The majority of Plaintiffs' Louisiana tort claims—Counts XII, XIII, XIV, XV, XVI, and XVII are prescribed.

Prior to July 1, 2024, delictual actions in Louisiana were "subject to a liberative prescription of one year."[123] Liberative prescription for actions prior to July 1, 2024 "commence[d] to run from the day that injury or damage is sustained."[124] "Jurisprudence has interpreted this rule to mean that prescription commences on the date the injured party discovers or should have discovered the facts upon which his cause of action is based."[125] The causes of action for the vast majority of Plaintiffs' Louisiana tort claims[126]

---

[120] 42 U.S.C. § 1986 ("But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.").
[121] *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987).
[122] R. Doc. 60 at ¶ 147.
[123] LA. CIV. CODE ART. 3492 (Repealed by Acts 2024, No. 423, § 2, eff. July 1, 2024).
[124] *Id.*
[125] *Dowd v. Helena Emergency Physicians, PLLC*, 2023-00132 p.1 (La. 4/25/23), 359 So. 3d 969, 970-71.
[126] The exception is Count XI "Louisiana Malicious Prosecution." R. Doc. 60 at pp. 45-46.

accrued well before filing of the lawsuit in October 2025, and were prescribed long ago.

### A. Louisiana case law establishes that Plaintiffs' abuse of process claim is prescribed.

Counts XII and XVII, both of which are based on the Louisiana tort of abuse of process, name specifically only "private attorney" and "insurance" defendants," (and not "State Defendants").[127] Count XII also is brought against "other Defendants who misused civil or criminal process for ulterior purposes," but this allegation is not sufficient to give State Defendants notice of their alleged wrongdoings.[128] Nonetheless, to the extent Plaintiffs attempt to assert these abuse of process claims against State Defendants, these claims also are prescribed.

Louisiana recognizes abuse of process claims under La. Civ. Code art. 2315.[129] To state an abuse of process claim, a plaintiff must allege "(1) the existence of an ulterior purpose; and (2) a willful act in the use of the process not proper in the regular prosecution of the proceeding."[130] Abuse of process is a tort claim that, at the time the incidents alleged herein occurred, was governed by La. C.C. art. 3492, which provided a prescriptive period of one year from the date of injury or damage.[131] The Court must determine whether the prescriptive period for this claim begins to run from the date a

[127] R. Doc. 60 at ¶¶ 291 and 324.
[128] As explained in Section III, *supra*.
[129] *Waguespack, Seago & Carmichael (A PLC) v. Lincoln*, 1999-2016 (La. App. 1 Cir. 9/22/00), 768 So. 2d 287, 290.
[130] *Id.* (citing *Succession of Cutrer v. Curtis,* 341 So.2d 1209, 1213-14 (La. App. 1 Cir.1976)).
[131] *Morice v. Yorkshire Ct. Condo. Ass'n, Inc.*, 23-118, p. 6 (La. App. 5 Cir. 11/29/23), 377 So.3d 848, 853 (stating that "claims for abuse of process raise delictual claims that are subject to a prescriptive period of one year."); Louisiana law regarding prescription was amended effective July 1, 2024 to extend the one-year prescriptive period to a two-year prescriptive period for delictual actions. *See* La. C.C. art. 3493.1. However, these changes apply prospectively only to delictual action arising after July 1, 2024. *See* 2024 La. Acts, No. 423, §§ 1 and 2 (providing that the extended period "shall be given prospective application only and shall apply to delictual actions arising after the effective date of this Act" and that "[t]his Act shall become effective on July 1, 2024").

defendant allegedly used the improper legal process or from the date the resulting criminal proceeding was dismissed.

In *Rieth v. Munguia*, the Louisiana Court of Appeal for the Fourth Circuit analyzed whether an abuse of process claim was prescribed.[132] In that case, the defendant filed a reconventional demand alleging the plaintiff committed abuse of process by filing the state court petition relating to a property dispute between the parties.[133] The court found the abuse of process claim was prescribed because the defendant filed the reconventional demand making the abuse of process claim more than a year after the plaintiff filed the state court petition that allegedly constituted abuse of process.[134] Importantly, the Louisiana appellate court held "the continuing tort doctrine does not apply to extend the prescriptive date . . ." and that "[t]he act of filing the petition by [plaintiff] was a singular act; any damages that occurred may have been continuing, but the allegedly tortious act occurred when the petition was filed."[135] Similarly, in *No Drama, LLC v. Caluda*, the Louisiana Court of Appeal for the Fifth Circuit found the prescriptive period for an abuse of process claim began to run on the date the defendant filed the petition the plaintiff alleged constituted abuse of process.[136] The court held that "[a]lthough plaintiff alleges to have continuously sustained damages to its reputation and its finances until the dismissal of the underlying suit, the operating cause, the filing of the lawsuit, is not a continuous tort."[137] The prescriptive period for an abuse of process claim does not begin at a later date even when the plaintiff alleges he has continuously sustained damage.[138] Moreover, the

[132] *Rieth v. Munguia*, 23-0547, p. 11 (La. App. 4 Cir. 5/30/24), 391 So. 3d 39, 43-47.
[133] *Id.*
[134] *Id.* at 48.
[135] *Id.*
[136] 177 So.3d 747, 752, (La. App. 5 Cir. 10/14/15).
[137] *Id.*
[138] *Id.*

prescriptive period does not begin to run at later date just because the plaintiff allegedly suffered damages from the abuse of process after the abuse of process occurred.[139]

The prescriptive period for Plaintiffs' abuse of process claims against the State Defendants began when the allegedly "willful act[s] in the use of the process not proper in the regular prosecution of the proceeding" occurred.[140] The State Defendants argue that all of their acts alleged to constitute abuse of process occurred more than one year prior to Plaintiffs filing this action in state court on October 20, 2025.[141] The State Defendants argue the last process involving the State Defendants was the 2022 hearing in which Lieutenant Arcana allegedly testified before a grand jury.[142] The State Defendants further argue that Plaintiffs made no argument in reply to the State Defendants' argument that Counts XII and XVII should be dismissed as prescribed.[143]

It is clear that all of the alleged acts of abuse of process by the State Defendants occurred well over a year prior to Plaintiffs filing the present action. Plaintiffs allege: on January 23, 2015, "private attorney Defendants" obtained a civil judgment against Mr. Lightfoot in the underling civil litigation;[144] and on August 22, 2016 "attorney and insurance Defendants recorded or caused to be recorded" the judgment in the underlying civil litigation as a judicial mortgage against Lightfoot's homestead.[145] Mr. Lightfoot's criminal prosecution was allegedly initiated by NOPD Detective Frank Denton and LSP Lieutenant Alan Arcana.[146] Even if the Court found that the initiation of Mr. Lightfoot's

---

[139] *Id.*
[140] *See Waguespack, Seago & Carmichael (A PLC) v. Lincoln*, 1999-2016 (La. App. 1 Cir. 9/22/00), 768 So. 2d 287, 290.
[141] R. Docs. 82-1 at pp. 10-11.
[142] R. Doc. 60 at ¶ 121.
[143] R. Doc. 88 at p.2.
[144] R. Doc. 60 at ¶ 124.
[145] *Id.* at ¶ 126.
[146] *Id.* at ¶¶ 101, 116.

criminal prosecution constituted abuse of process on the part of State Defendants, Mr. Lightfoot was arrested in 2015, over a decade before the present action was filed. Mr. Lightfoot's state custody terminated in 2018,[147] and the last time any State Defendant testified regarding Mr. Lightfoot's arrest and/or custody was the 2022 grand jury testimony by Lieutenant Arcana.[148] These events are situated well over a year before the 2025 filing of the lawsuit.

### B. All remaining Louisiana tort law claims are prescribed under the 1-year liberative prescription rule.

Count XIII Louisiana Fraud/Intentional Misrepresentation, Count XIV Louisiana Intentional Infliction of Emotional Distress, Count XV Louisiana Loss of Consortium, Service, and Society, and Count XVI Louisiana Negligence/Gross Fault/Civil Fault also are prescribed. These Louisiana tort claims, at the time the incidents alleged herein occurred, were governed by La. C.C. art. 3492, which provided a prescriptive period of one year from the date of injury or damage. While these counts suffer from the fatal group pleading and conclusory defects outlined in Section III *supra*, and as such it is difficult for the Court to determine with certainty the last alleged wrongdoing on behalf of the State Defendants, the last plausible date appears to be in 2022, the date of Lieutenant Arcana's grand jury testimony. Accordingly, these Louisiana torts claims are prescribed.

## V. Plaintiffs' group pleadings fail to state a claim against Lieutenant Arcana in his individual capacity in Counts III and XI.

The remaining claims against Lieutenant Arcana are Count III for fabrication of evidence and judicial deception under 42 USC 1983 and Count XI for malicious prosecution under Louisiana law. Federal Rule of Civil Procedure 8(a)(2) requires "a short

---

[147] R. Doc. 17-4 at p. 6.
[148] R. Doc. 60 at ¶ 121.

and plain statement of the claim showing that the pleader is entitled to relief." Based on this Rule, courts have held that the Federal Rules entitle "each defendant . . . to know what he or she did that is asserted to be wrongful."[149] Mere "conclusory allegations against [d]efendants as a group" that "fail[ ] to allege the personal involvement of any defendant" are insufficient to put Defendants on notice of their alleged wrongdoing.[150] A plaintiff must allege facts that "establish each individual [d]efendant's liability for the misconduct alleged."[151] When a number of defendants are named in a complaint, a plaintiff cannot refer to all defendants "who occupied different positions and presumably had distinct roles in the alleged misconduct" without specifying "which defendants engaged in what wrongful conduct."[152] "While referring to a collective group of defendants is not a fatal pleading deficiency, "[e]ach defendant is [still] entitled to know what he or she did that is asserted to be wrongful."[153] The critical inquiry is whether the complaint, with its group allegations, provides each defendant with adequate notice of the plaintiff's claims and the grounds upon which the claim rests.[154] The Court must disregard "bare assertions of collective responsibility, unsupported by concrete factual allegations."[155]

A complaint that contains "impermissibly vague group pleading" will be dismissed.[156] For example, in *Cain v. City of New Orleans*, the plaintiffs brought 42 U.S.C.

---

[149] *Cain v. City of New Orleans*, No. CV 15-4479, 2016 WL 2849478, at *5 (E.D. La. May 13, 2016).
[150] *Galicki v. New Jersey*, No. 14-169, 2015 WL 3970297, at *2 (D.N.J. June 29, 2015) (dismissing plaintiffs' claims without prejudice for failure to provide each defendant with notice of its alleged participation in the racketeering enterprise).
[151] *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (finding that a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution); *Aruanno v. Main*, 467 F. App'x 134, 137-38 (3d Cir. 2012) (dismissal of § 1983 action was appropriate where Defendants were collectively sued as "[government] personnel" and failed to allege the personal involvement of the individual Defendants).
[152] *Falat v. County of Hunterdon*, No. 12-6804, 2013 WL 1163751, at *3 (D.N.J. Mar. 19, 2013).
[153] *Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 243 (5th Cir. 2021).
[154] *Valadez v. City of San Antonio*, No. SA21CV0002JKPRBF, 2022 WL 1608016, at *5 (W.D. Tex. May 20, 2022).
[155] *Cain v. City of New Orleans*, No. CV 15-4479, 2016 WL 2849478, at *5 (E.D. La. May 13, 2016).
[156] *Falat*, 2013 WL 1163751, at *3.

§ 1983 claims against the City of New Orleans, the Sheriff, and various court officials for their involvement in the plaintiffs' allegedly unconstitutional criminal prosecution.[157] In their complaint, the plaintiffs directed their allegations towards "'defendants' as a group" and failed to identify specific acts of misconduct by specific defendants.[158] This district court found such allegations insufficient to state a plausible claim for relief because the allegations "largely prevent[ed] the Court from discerning which defendants [were] allegedly responsible for which allegedly unlawful actions."[159] Accordingly, the court dismissed the plaintiffs' claims that "lump[ed] all defendants together and assert[ed] identical allegations as to each, without distinction."[160]

Lieutenant Arcana argues in part that the Court should dismiss Plaintiffs' claims because Plaintiffs fail to state a claim against him and his fellow "Law-Enforcement Defendants."[161] Lieutenant Arcana argues that "the large number of defendants and the lack of interrelatedness between the multiple defendants" in the "Law-Enforcement" and "Supervisory" categories is an example of "impermissibly vague group pleading."[162] Plaintiffs respond that, based on the allegations in their complaint, Lieutenant Arcana is aware of the conduct for which Plaintiffs seek redress.[163]

First, Plaintiffs' Count III is asserted against certain named defendants, including Lieutenant Arcana and against "any prosecutorial Defendant whose non-immune investigation or evidence-management conduct involved fabrication or continued use of

157 2016 WL 2849478, at *3.
158 *Id.* at *5.
159 *Id.*
160 *Id.*
161 R. Doc. 82 at p.15-16.
162 *Id.*
163 R. Doc. 87 at p.24.

fabricated evidence."[164] All of the allegations in Count III are made against "Defendants" as a group and fail to allege the personal involvement of any defendant. Count XI for malicious prosecution under Louisiana law is brought against "Defendants whose conduct legally caused the commencement or continuation of criminal proceedings against him without probable cause and with malice.[165] The allegations in Count XI are brought against "Defendants" as a group and fail to allege the personal involvement of any defendant. Bringing a cause of action against defendants as a group is not sufficient to allege the personal involvement of any defendant and does not put any defendant on notice of alleged wrongdoing. No defendant could receive adequate notice of a claim and the grounds upon which the claim rests based on this type of pleading. Apparently, the Plaintiffs would put the burden on the Defendants to determine which counts are asserted against each of them rather than giving each defendant notice of the claims against them and the grounds upon which each claim rests. This unprecedented manner of pleading, never before seen by this Court, is vague and impermissible group pleading on steroids. Based on these allegations, neither the Court nor Lieutenant Arcana can discern what unlawful actions were committed by Lieutenant Arcana or on what grounds the claims rest. Such vague, collective allegations do not state plausible claims for relief.[166] "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"[167] Furthermore, "[t]hreadbare recitals of the elements of a cause of

---

[164] R. Doc. 60 at ¶ 227.
[165] Id. at ¶ 283.
[166] *See Cain v. City of New Orleans*, No. CV 15-4479, 2016 WL 2849478, at *5 (E.D. La. May 13, 2016).
[167] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting FED. R. CIV. P. 8(a)(2)).

action, supported by mere conclusory statements"[168] or "naked assertion[s]"[169] devoid of "further factual enhancement"[170] are not sufficient. The complaint must provide the defendants with "fair notice of what the plaintiff's claim is and the grounds upon which it rests."[171] Plaintiffs allegations do not allow Lieutenant Arcana or the Court to discern what wrongful conduct Plaintiffs allege the Lieutenant Arcana committed.

Finally, in a return to the Rule 12(b)(6) standard, Plaintiffs have failed to allege facts that support the elements of their many causes of action. The Fifth Circuit instructs that a plaintiff "must allege facts that support the elements of the cause of action in order to make out a valid claim."[172] Plaintiffs argue that they did include allegations in the complaint[173] against Lieutenant Arcana related to Arcana's alleged role in preparing or maintaining the Louisiana State Police investigative report.[174] To plausibly state a claim against Lieutenant Arcana, Plaintiffs' complaint would have to include factual allegations supporting the elements of each cause of action and show how they are entitled to relief.[175] A complaint does not suffice if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"[176] Plaintiffs' barebones allegations fail to establish or even plead facts to support, the elements of any of Plaintiffs' asserted causes of action. For this reason, as well, Plaintiffs' factual allegations against Lieutenant fail to state a valid claim for relief.

---

[168] *Id.* at 678 (citations omitted).
[169] *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).
[170] *Id.*
[171] *Pub. Emps. Ret. Sys. of Mississippi, Puerto Rico Tchrs. Ret. Sys. v. Amedisys, Inc.*, 769 F.3d 313, 320 (5th Cir. 2014).
[172] *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152 (5th Cir. 2010).
[173] R. Doc. 60 at ¶¶ 61-70, 112-136,, 201-203.
[174] R. Doc. 87 at p. 24.
[175] *City of Clinton, Ark.*, 632 F.3d at 152.
[176] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Accordingly, the Court will dismiss Plaintiffs' claims against Lieutenant Arcana in Counts III and XI.

## VI. Plaintiffs have been given multiple opportunities to amend their complaint and will not be given another.

Plaintiffs ask the Court for leave to amend their complaint "should the Court determine that any individual claim would benefit from additional factual specificity."[177] Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely granted when justice so requires." A "court must have a 'substantial reason' to deny a request for leave to amend" and "may consider factors such as whether there has been 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment.'"[178] "The district court is entrusted with the discretion to grant or deny a motion to amend."[179]

The Court will not grant Plaintiffs leave to amend. Plaintiffs already have filed four complaints—three petitions in state court and one amended complaint in this action after they retained counsel.[180] Plaintiffs have had ample opportunities to state plausible claims for relief against the State Defendants. The Court finds the fact that the Plaintiffs have been given numerous opportunities to amend is a substantial reason to justify a refusal to allow the Plaintiffs another opportunity. The Court is not obligated to provide Plaintiffs with unlimited opportunities to try to state a claim against the State Defendants.

---

[177] R. Doc. 87 at p. 36.
[178] *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566 (5th Cir. 2002) (citing *Jacobsen v. Osborne,* 133 F.3d 315, 318 (5th Cir. 1998)).
[179] *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (citing *Jones v. Robinson Prop. Grp., LP,* 427 F.3d 987, 994 (5th Cir. 2005)).
[180] Plaintiffs even had the benefit of a review of their proposed amended complaint (R. Doc. 52-1) by the Court. The Court advised Plaintiffs that the proposed amended complaint failed to address the arguments raised in the defendants' motions to dismiss and that it should be revised before filing. R. Doc. 53.

Based on Plaintiffs' "repeated failure[s] to cure deficiencies by amendments previously allowed,"[181] the Court finds further amendment is not warranted. Moreover, Plaintiffs cannot remedy the fact that the vast majority of their claims have prescribed.[182] As a result, the Court will not grant Plaintiffs leave to amend their complaint and will decide these motions based on the current pleadings.

## CONCLUSION

**IT IS ORDERED** that the motion to dismiss filed by the State Defendants is **GRANTED** with respect to Colonel Hodges.[183] All claims asserted against Colonel Hodges in his official and individual capacities are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the motion to dismiss filed by the State Defendants is **GRANTED** with respect to Lieutenant Arcana. All claims asserted against Lieutenant Arcana in his official and individual capacities are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the motion to dismiss filed by the State Defendants is granted with respect to Plaintiffs' request for injunctive or declaratory relief. Plaintiffs' request for injunctive or declaratory relief is **DISMISSED WITH PREJUDICE**.

**New Orleans, Louisiana, this 9th day of October, 2026.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

[181] *Herrmann Holdings Ltd.*, 302 F.3d at 566.
[182] See Section IV and V *supra*.
[183] R. Doc. 84.